IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Barnes,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-22-00127-PHX-DLR (JFM)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 33) regarding Defendant Siji Thomas's Motion to Set Aside default (Doc. 29). The R&R recommends that Defendant's motion be granted and the entry of default on June 29, 2023 (Doc. 27) be set aside. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 33 at 5.)

    On August 10, 2023, Plaintiff filed his objection. (Doc. 34.) Defendant filed his response on August 24, 2023. (Doc. 35.)

    The Court has considered Plaintiff's objection and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly determined that Plaintiff has not shown that, in failing to timely answer the complaint,[1] Defendant intended to take advantage of Plaintiff, to interfere with judicial decision making, or to

---

[1] The Court notes that Defendant disputes Plaintiff's assertion that she was properly served.

manipulate the legal process. The Magistrate Judge also correctly found that Defendant has adequately established the existence of a factual dispute as to Defendant's liability on a claim requiring proof of a deliberate indifference. Finally, the Magistrate Judge correctly determined that Plaintiff would suffer no prejudice if the default were set aside. There has been no showing that Plaintiff's ability to litigate the case in any way has been harmed or limited or that he is worse off if the default is set aside than he would have been if Defendant had timely answered.

Plaintiff's objection argues that Defendant has been served with complaints in the past and is aware of the necessity to respond, and therefore, her failure to respond is further evidence of her deliberate indifference. That conclusion is neither logical nor relevant to the issue before the Court. Plaintiff fails to offer evidence or argument that, in failing to file a timely answer, Defendant intended to take advantage of Plaintiff, to interfere with the judicial decision making, or to manipulate the legal process.

Plaintiff also asserts in his objection that he was prejudiced by the late answer because of the nature of his medical condition. That is an argument that might be made as part of the alleged damages caused by Defendant's alleged indifference, but the Court does not find it to be evidence that Plaintiff's ability to litigate the case has been harmed.

**IT IS ORDERED** as follows:

1. Plaintiff's objection (Doc. 34) is **OVERRULED**.
2. The R&R (Doc.33) is **ACCEPTED**.
3. Defendant's Motion to Set Aside Default (Doc. 29) is **GRANTED**.

Dated this 6th day of October, 2023.

Douglas L. Rayes
United States District Judge